# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**EDWARD JORODGE GLADNEY,** §
§
**Movant,** §
§
vs. §     **Civil Action No. 4:14-cv-0583**
§
**UNITED STATES OF AMERICA,** §
§
**Respondent.** §
§
§

## ORDER

Pending before the Court is Petitioner Edward Jorodge Gladney's ("Gladney" or "Petitioner") Motion to Vacate, Set Aside or Correct Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 (the "Motion to Vacate") (**Instrument No. 1**). Also before the Court is Respondent United States of America's (the "Government") Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver; Alternatively, Motion to Dismiss § 2255 Motion (**Instrument No. 12**).

### I.

### A.

In February 9, 2009, an anonymous tip was made to Crime Stoppers, advising them of an adult male associated with the screen names "bootydime88" and "bootyobsession2009" and the email "bootyobsession2009@yahoo.com" who had been abusing children around eight or nine years old and had pictures depicting sexually explicit conduct between the individual and

children. (Instrument No. 12 at 4). The video from the cyber tip depicted the forcible sexual assault of what appeared to be a 7- to 10-year-old boy by two adults. (Instrument No. 12 at 4-5). A subpoena sent to Yahoo was tracked to an IP address, which was tracked by HPD using AT&T to a Dewey Gladney in Houston, Texas. Dewey Gladney is Petitioner's father. (Instrument No. 12 at 4). A search warrant for the most current address of Dewey Gladney was signed by District Judge Ruben Guerrero of the 174th District Court for Harris County. (Instrument No. 12 at 5).

The search warrant was executed on June 16, 2010, and officers discovered 18 photos under Edward Gladney's bed which met the federal definition of "child pornography," including one depicting a nude black male between 6 and 10 years old engaged in sex with another male. (*Id*.). During the execution of the warrant, Gladney made a statement to the agent and admitted that the described photos depicted a child between 6 and 10 years old and that the photos were taken in his car. (*Id*.). After the government put on a press conference to identify the children in the videos and photographs, a witness named Steven Baker came forward and verified that the photographs depicted a child named DMG, who is the stepson of Petitioner's sister. (Instrument No. 12 at 6). Upon interview, DMG stated that Petitioner had sexually assaulted him from the time he was nine years old until he was 17 and that Petitioner documented the acts in photographs and videos. (Instrument No. 12 at 7). In other evidence seized in the warrant execution, agents found child pornography images created by Petitioner rather than downloaded from the internet, and evidence that Petitioner was selling $15 CDs containing videos of Gladney, DMG, and three other children engaging in oral and anal sex through Petitioner's Yahoo email account. (*Id*.). Upon interview, the children who appeared in these videos stated that Gladney had paid them in cash and marijuana to appear in the videos and photographs since May 2010 and that the events took place at a Motel 6 near the Astrodome, in Petitioner's car

behind a water treatment plan, and in various hotels. (*Id.*). The four involved children were identified as DMG, DG (DMG's brother), JJ (DMG's brother), and DB. (Instrument No. 12 at 5-8).

Beginning in June 7, 2002 and lasting through June 15, 2010, Petitioner sexually assaulted at least four known children, recorded these abuses through electronic media, and advertised and attempted to sell these images and photos in the present jurisdiction.

**B.**

On October 27, 2010, Petitioner was charged in the Houston Division of the Southern District of Texas with sexual exploitation of four minors by production of child pornography: DMG (Count 1); DG (Count 2); JJ (Count 3); and DB (Count 4), in violation of 18 U.S.C. §2251. (Instrument No. 12 at 2). Petitioner was also charged with distribution of child pornography in violation of 18 U.S.C. §§2252A(a)(2)(B) and 2252A(b)(1) (Count 5); advertising child pornography in violation of 18 U.S.C. §§2251(d)(1)(A) and 2251(e) (Count 6); possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count 7). (*Id.*). The indictment also included a notice of forfeiture of a Dell laptop computer, two SD cards, a USB thumb drive, an internal memory stick, and assorted CD/DVDs. (Instrument No. 12 at 3).

At this rearraignment hearing on March 5, 2012, Gladney pled guilty to Counts 1, 2, 3, 4, and 6 of the indictment and entered into a written plea agreement with the government. (*Id.*). Gladney advised the Court under oath that he had reviewed the terms of the plea agreement with his counsel before the proceeding and that he had conferred with his counsel and did not need more time to do so. (Instrument No. 12 at 9-10). Gladney also advised the Court under oath that

he understood that the maximum possible penalties for the offenses in Counts 1, 2, 3, 4, and 6 was 15 to 30 years in prison, and that he understood he was waiving his right to contest or "collaterally attack" the conviction or sentence, and that he was waiving the right to appeal his sentence and the manner in which it was determined. (*Id.*). Gladney testified that he had read and understood the plea agreement and willingly signed it. (*Id.*). The Court accepted Gladney's guilty plea, finding that Gladney voluntarily and knowingly entered it, and adjudged him guilty of the offenses charged in Counts 1, 2, 3, 4, and 6 of the indictment. (*Id.*).

At the sentencing hearing on March 9, 2012, Gladney's counsel objected to a two-level upward adjustment of Gladney's offense level under §2G2.1(b)(5), applied because Gladney was related to one of the victims. (Instrument No. 12 at 12-13). Counsel asserted that victim JJ was not an actual relative of Gladney because JJ was only Gladney's sister's step-son. (*Id.*). However, this Court overruled the objection, stating that "the guidelines contemplate that a child that has been turned over [to be under the defendant's care, custody, or control]. . . would be included as someone for whom this enhancement would apply." (*Id.*). The Court also noted that the application of the contested enhancement would make no difference with respect to the adjusted offense level in Gladney's case because the offense level only including the other children would be 46. (*Id.*). Counsel also requested that the Court consider Gladney's own victimization as a child, his new medications, and the medical evaluations of Dr. Sloan and Dr. Bailey, who suggested therapies such as chemical castration, group therapy, medication, and the continued monitoring by a court for the rest of Gladney's life. (Instrument No. 12 at 13-14). This Court sentenced Gladney to 360 months as to Count 1 and 2, to run consecutively, and 360 months as to Counts 3 and 4, to run concurrently with Counts 1 and 2 for a total term of 720

months in custody, to be followed by a supervised release term of life on all counts to run concurrently. (Instrument No. 12 at 14).

Gladney filed a timely notice of appeal, alleging that the waiver was invalid because Gladney "was not sufficiently advised of the breadth and effect of the waiver." (Instrument No. 14-15). On October 21, 2012, the Court of Appeals for the Fifth Circuit dismissed Gladney's appeal as frivolous based on a finding of valid waiver in this case. (*Id.*).

## C.

On March 10, 2014, Gladney filed the instant Motion to Vacate, Set Aside or Correct Sentence. (Instrument No. 1). Petitioner alleges six claims of ineffective assistance of counsel and two facial challenges to Court's application of U.S.S.G. §2G2.1(b)(5) and §2G2.1. (Instrument No. 2 at 5-23). Petitioner claims his counsel was ineffective for (1) failing to move for recusal of Judge Gilmore as a children's book author, (2) wrongly facilitating and advising acceptance of an unknowing and involuntary plea, (3) failing to realize that Petitioner's psychological and childhood trauma made Petitioner unable to enter a knowing and voluntary plea and failing to seek follow-up psychosexual evaluation to present to the Court, (4) failing to object to the Court's imposition of consecutive sentences at sentencing, (5) failing to offer mitigating psychological expert testimony to the Court, (6) failing to challenge the wrongful imposition of the aggravating enhancement of USSG §4B1.5(b)(1). (*Id.*). Petitioner also raises facial challenges to the court's application of U.S.S.G. §2G2.1(b)(5) because he is the step-uncle by marriage to one of the victims and should not have been deemed a "relative", and §2G2.1 because his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*). Petitioner requests an evidentiary hearing on his motion.

The Government filed a Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver; Alternatively, United States' Motion to Dismiss Movant's § 2255 Motion (hereinafter, "motion for summary judgment") on August 18, 2014. (Instrument No. 12). The Government asserts that Gladney entered the plea agreement and waiver knowingly and voluntarily, and that the plea agreement is enforceable and precludes Gladney from bringing any of the claims in his §2255 motion. (*Id.*). The Government responds that Gladney has failed to show that his counsel was deficient or that any alleged deficiencies resulted in prejudice against Gladney. (*Id.*). Additionally, the Government alleges that Gladney's facial challenge to the application of a sentencing guideline enhancement could have been raised on appeal and is not cognizable in a §2255 proceeding, and that Gladney's Eighth Amendment claim is meritless. (*Id.*).

Petitioner filed a response to the Government's motion for summary judgment on September 9, 2014. (Instrument No. 14). Petitioner counters that because the Government has not offered an affidavit or sworn declaration from Gladney's counsel, there is no evidence to overcome Gladney's sworn declarations. (Instrument No. 14 at 5). Petitioner claims that he did not voluntarily or knowingly enter into the plea agreement or the accompanying waivers because his counsel refused to discuss any defense other than pleading guilty, ignored his family's requests for information, and failed to present Dr. Bailey's medical report to Gladney until after his sentencing. Petitioner then reiterates his claims of ineffective assistance of counsel and his facial challenges against USSG §§ 4B1.5(b)(1) and 2G2.1(b)(5).

On October 9, 2014, attorney D. Craig Hughes filed a notice of appearance on behalf of Petitioner Gladney. (Instrument No. 16).

## II.

Petitioner has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Instrument No. 1). Section 2255 provides in part:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255.

Ordinarily, "after a conviction and exhaustion or waiver of any right to appeal, [the] court is entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Relief under this section, however, asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). As a result, "relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*quoting United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)); *see also United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). The remedy provided through collateral challenge process of §2255 is no substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error. *United States v. Cervantes*, 132 F.3d 1106, 1009 (5th

Cir. 1998). "A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error." *Shaid*, 937 F.2d at 232; *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1995). "This cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard [applied] on direct appeal." *Pierce*, 959 F.2d at 1301 (5th Cir. 1992) (citing *Frady*, 456 U.S. at 166).

Cause "requires a showing of some external impediment preventing counsel from constructing or raising the claim. For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). "If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). If the petitioner can establish cause for the default, he must then show actual prejudice resulting from the errors of which he complains. *Shaid*, 937 F.2d at 232. Establishing prejudice requires a petitioner to demonstrate that the claimed constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *accord Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008).

If the petitioner cannot show both cause and prejudice, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. *Shaid*, 937 F.2d at 232; *accord Moore*, 534 F.3d at 464. That said, only rarely will a case qualify "for the application of this exception"; the Supreme Court has "emphasized repeatedly that this exception is limited to extraordinary cases involving manifest miscarriages of justice that would result in the continued

incarceration of one actually innocent of the offense." *Shaid*, 937 F.2d at 232; *accord Moore*, 534 F.3d at 464.

# III.

Petitioner has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and facially challenging the Court's application of USSG §§4B1.5(b)(1) and 2G2.1(b)(5).

First, however, the Court must determine whether Petitioner waived his right to collaterally attack his conviction and sentence.

## A.

As a threshold matter, in order to determine the enforceability of the waiver, the Court must consider whether the waiver was knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653-54 (5th Cir. 1994). Petitioner alleges ineffective assistance of counsel on six grounds. (Instrument No. 1 at 4-10, No. 2 at 6-7). The Government contends that Petitioner is not entitled to challenge his conviction in a Section 2255 proceeding because Petitioner signed a Plea Agreement that included a provision waiving his right to collaterally attack his sentence in a post-conviction proceeding.[1] (Instrument No. 12 at 27-30). The Government contends that the Court should enforce the waiver and deny Petitioner's motion, citing that

---

[1] The Government's assertions that the waiver of post-conviction relief should be enforced are included in its Motion for Summary Judgment. Accordingly, the Court reviews the Government's contention in accordance with traditional summary judgment precepts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Those precepts teach that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it could affect the outcome of the lawsuit, and a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, (1986). In reviewing all of the evidence, the Court looks at the evidence and draws all inferences therefrom in a light

"Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. 3742, except for a sentence above the statutory maximum. Additionally, the defendant is aware that Title 28, I.S.C. 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding."

(Instrument No. 12 at 15-16).

In this circuit, a defendant may waive his right to post-conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). Nevertheless, an ineffective-assistance claim survives a § 2255 waiver "when the claimed [ineffective] assistance [of counsel] directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. If proven, a claim of ineffective assistance of counsel directly affecting the validity of the waiver or the plea itself will render the waiver involuntary. *White,* 307 F.3d at 339. A post-conviction review waiver will only preclude collateral attack if: (a) the post-conviction review waiver is knowing and voluntary; and (b) the post-conviction review waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. Wilkes*, 20 F.3d 651, 653-54 (5th Cir. 1994); *White*, 307 F.3d at 343.

In this case, it is undisputed that Petitioner pled guilty to the five counts in the indictment pursuant to the written Plea Agreement, which also contained a provision waiving his right to collaterally attack his sentence by means of post-conviction review. (Instrument No. 12 at 3 at 12-13; No. 2 at 1-2). Petitioner argues in grounds two and three of his motion that the waiver and

---

most favorable to the non-moving party. *See Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993). Thus, the Court reviews all of the evidence in this case in a light most favorable to Petitioner, drawing all reasonable factual inferences therefrom and making all credibility determinations related thereto in his favor.

the plea are not valid. In grounds two and three, respectively, Petitioner argues that (1) Counsel did not inform Gladney of the results of Dr. Bailey's psychological evaluation which allegedly contained mitigating information, and no competent counsel would advise their client to enter into an agreement waiving virtually all post-conviction relief and review which subjected her client to life imprisonment, and (2) Petitioner's history of psychological and childhood trauma made Petitioner unable to enter a knowing and voluntary plea. (Instrument No. 2 at 9-15).

For Petitioner's claims of ineffective assistance of counsel to survive a §2255 waiver, he must prove that his counsel's performance was deficient and that such deficiency prejudiced the Petitioner. *See Strickland v. Washington*, 466 U.S. 668 (1984). However, in this case, the Fifth Circuit Court of Appeals has reviewed the record and dismissed the appeal, finding that both Gladney's plea and waiver were knowing and voluntary. (Instrument No. 12 at 17). In denying Petitioner's appeal, the Fifth Circuit also found no legal merit in Petitioner's claim that his sentence was invalid because this Court failed to give sufficient consideration to his diminished mental capacity. (Instrument No. 12 at 27-28). Under the law of case doctrine, these issues of fact and law decided on appeal may not be reexamined by the district court. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Exceptions to the law of the case doctrine allow reexamination only if (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work a manifest injustice. *See United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998). In this case, the law of the case doctrine prohibits this Court from revisiting the voluntariness of Petitioner's plea agreement or the reasonableness of his sentence on any other grounds. Gladney has not shown that the decision by the Court of Appeals was clearly erroneous and would result in manifest injustice.

Because Petitioner's plea and waiver were knowing and voluntary, the Court will enforce the waiver as long as the scope of the waiver encompasses the circumstances at hand. *See Wilkes*, 20 F.3d at 653-54. In this case, Petitioner represented that he understood that he was waiving his §2255 "right to contest his/her conviction or sentence by means of any post-conviction proceeding." (Instrument No. 12 at 15-16). The waiver provision denies Petitioner the right to contest his sentence by means of any post-conviction proceeding. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is a post-conviction proceeding in which Petitioner is attempting to challenge his sentence.

Accordingly, the waiver provision encompasses the circumstances alleged Petitioner's Motion to Vacate, and must be given effect. As such, the Court is precluded from further consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. Petitioner's request for relief is DENIED.

**B.**

Although the Court has found that Petitioner's post-conviction waiver is enforceable and therefore precludes further review, the Court in an abundance of caution will also consider the merits of Petitioner's claims. In the Motion to Vacate, Petitioner claims that his sentence should be vacated and an evidentiary hearing be granted because: (1) his counsel failed to move for recusal of Judge Gilmore as a children's book author, (2) his counsel wrongly facilitated and advised acceptance of an unknowing and involuntary plea, (3) his counsel failed to realize that Petitioner's psychological and childhood trauma made Petitioner unable to enter a knowing and voluntary plea and his counsel failed to seek follow-up psychosexual evaluation to present to the Court, (4) his counsel failed to object to the Court's imposition of consecutive sentences at

sentencing, (5) his counsel failed to offer mitigating psychological expert testimony to the Court, (6) his counsel failed to challenge the wrongful imposition of the aggravating enhancement of USSG §4B1.5(b)(1). (*Id.*), (7) the Court improperly applied U.S.S.G. §2G2.1(b)(5) because he is the step-uncle by marriage to one of the victims and should not have been deemed a "relative", (8) the Court improperly applied U.S.S.G. §2G2.1 because his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Petitioner raises six grounds of ineffective assistance of counsel in his Motion to Vacate. (Instrument Nos. 1, 2). Under *Strickland*, the petitioner must prove (1) counsel's performance was deficient and (2) that deficiency prejudiced the petitioner. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688; *Cavitt,* 550 F.3d at 440. That determination is based upon the law as it existed at the time of trial. *Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). When determining whether counsel was deficient, the Court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). Given that, the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . [In order to prevail,] the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Cavitt*, 550 F.3d at 440.

To prove prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Cavitt*, 550 F.3d at 440. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This is a heavy

burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011); *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). In order for Petitioner to show that he was prejudiced by the alleged ineffectiveness of his trial counsel with regard to his sentence, Petitioner must demonstrate a reasonable probability that, absent counsel's unprofessional errors, he would have received a lesser sentence. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).[2]

A defendant must satisfy both prongs of the *Strickland* test in order to prevail on an ineffective assistance claim. *Strickland*, 466 U.S. at 697; *Riley v. Cockrell*, 339 F.3d 308, 315 (5th Cir. 2003). A court deciding an ineffective assistance of counsel claim is not required to address these prongs in any particular order. *Strickland*, 466 U.S. at 697. If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Strickland*, 466 U.S. at 697.

## 1.

In ground one of the Motion to Vacate, Petitioner claims that his counsel was ineffective because she failed to move for recusal of Judge Gilmore as a children's book author and other extrajudicial factors. (Instrument No. 2 at 7-9). Petitioner points to Judge Gilmore's authorship of *A Boy Named Rocky: A Coloring Book for the Children of Incarcerated Parents*, a book aimed at comforting the children of incarcerated parents, and a book about adoption motivated by Judge Gilmore's personal experiences. (*Id.*). Petitioner claims that these facts would lead a

---

[2] Previously, the prejudice test for ineffectiveness relating to the amount of a sentence in the Fifth Circuit was whether, but for counsel's actions, there was a reasonable probability that defendant would have received a "significantly less harsh" sentence. *See Daniel v. Cockrell*, 283 F.3d 697, 706 (5th Cir. 2002); *United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000). The Supreme Court later determined in *Glover v. United States*, 531 U.S. 198, 203 (2001), that "any amount of actual jail time has Sixth Amendment significance." Thus, the Fifth Circuit now holds that, with respect to federal prisoners, "*Glover* abrogates the significantly less harsh test, and that any additional time in prison has constitutional significance." *Grammas*, 376 F.3d at 438; *see also Miller v. Dretke,* 420 F.3d 356, 365 (5th Cir. 2005) (holding that the *Grammas* standard only applies in cases involving federal prisoners).

reasonable person to question the Court's impartiality, and that any reasonably competent attorney would have moved for recusal prior to recommending a course of action for Gladney. (*Id.*). The Government responds that there is no evidence to suggest that the Court imposed Gladney's sentence on any basis other than what was learned from her participation in the case. (Instrument No. 12 at 23-24).

28 U.S.C. §455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or where "he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), 455(b)(1). These biases and prejudices extend also to personal and extrajudicial biases, and disqualification is appropriate if a reasonable person with knowledge of all relevant circumstances would harbor doubts about the judge's impartiality. *See In re Corrugated Container Antitrust Litig.*, 614 F.2d 958 (5th Cir. 1980). In this case, Gladney has identified Judge Gilmore's past activities in publishing books related to children and adoption, and a general interest in children's welfare, to argue that the Court's interest in improving the emotional well-being of a group of underprivileged children warrants her recusal in a case involving sexual abuse of children. The rational connection between children's welfare and this Petitioner's specific sexual crimes against four particular children is attenuated at best. It would be difficult to imagine any judge who would not maintain a strong preference for protecting children from sexual abuse and exploitation. Petitioner's argument that Judge Gilmore's general support of children's well-being is grounds for recusal on the basis of bias is without merit.

Gladney also claims that counsel was ineffective for failure to move for recusal. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Cavitt*, 550 F.3d at 440. In this case, Gladney's counsel's failure to

move for Judge Gilmore' recusal fell "within the wide range of reasonable professional assistance," considering that it would have been reasonable for counsel to conclude that such a motion to disqualify the judge would fail. *Cavitt*, 550 F.3d at 440. The Court finds that Petitioner cannot meet his burden on this claim.

Therefore, ground one of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

## 2.

In ground two of the Motion to Vacate, Petitioner claims that his counsel was ineffective because she wrongly facilitated and advised Petitioner to accept a plea which was unknowing and involuntary. (Instrument No. 2 at 9-13).

This claim has already been discussed; the Court of Appeals has concluded that Petitioner voluntarily and knowingly entered his guilty plea and this Court determined that Petitioner could not demonstrate prejudice on account of counsel's alleged deficiency. *See* Section III.A. Therefore, ground two of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

## 3.

In ground three of the Motion to Vacate, Petitioner claims that his counsel was ineffective for failing to realize that Petitioner's psychological and childhood trauma made Petitioner unable to enter a knowing and voluntary plea and also that his counsel failed to seek follow-up psychosexual evaluation to present to the Court. (Instrument No. 2 at 13-15).

Petitioner first claims that his plea was not entered knowingly and voluntarily due to his childhood psychological trauma and related ongoing disorders. This claim has already been discussed; the Court of Appeals has concluded that Petitioner voluntarily and knowingly entered his guilty plea and this Court determined that Petitioner could not demonstrate prejudice on account of counsel's alleged deficiency. *See* Section III.A.

Second, Petitioner claims that his counsel was ineffective for failing to review the Bailey expert report and disclosing or discussing the contents of the report with Gladney before his sentencing to present an insanity defense before the Court. (Instrument No. 2 at 13-14). Petitioner also claims that his counsel was unresponsive to his requests to discuss any defense other than pleading guilty, and was ineffective for failing to update his family regarding his case. (*Id.*). In support, Petitioner alleges that Dr. Bailey's report found evidence that Gladney had a "lack of capacity to exercise control and cognitive awareness of his criminal actions," and that Gladney "very likely did not understand the extent of the criminality of his sexually deviant behavior." The Bailey report has not been entered into evidence to be considered by this Court, and the Government does not address Petitioner's claim that counsel was ineffective for failing to raise an insanity defense. However, even if the Court were to accept Petitioner's claim that the Bailey report could have supported an insanity defense, case law in the Fifth Circuit holds that such a failure to raise an insanity defense does not rise to the level of ineffective assistance of counsel. *See Martinez v. Dretke*, 404 F.3d 878 (5th Cir. 2005) (counsel's failure to adequately investigate petitioner's mental health and family background, to introduce evidence of prior not guilty verdict by reason of insanity, or to investigate and present evidence of neurological impairment was not unreasonable performance because counsel had conducted a reasonable investigation and had no indication that further inquiry into the client's mental health was

warranted); *Feldman v. Thaler*, 695 F.3d 372 (5th Cir. 2012), *cert. denied*,133 S. Ct. 1584 (2013) (counsel did not provide deficient representation by failing to introduce mitigation evidence of petitioner's bipolar disorder); *Mattheson v. King*, 751 F.2d 1432 (5th Cir. 1985) (counsel's decision not to investigate client's mental state based on his own observation of client was reasonable); *Coble v. Quarterman*, 496 F.3d 430 (5th Cir. 2007) (counsel's failure to present an insanity or diminished capacity defense at trial was not deficient performance); *Smith v. Quarterman*, 515 F.3d 392 (5th Cir. 2008) (defendant was not prejudiced by counsel's failure to investigate evidence to support a diminished capacity defense); INEFFECTIVE ASSIST. OF COUNSEL §§ 8:9, 8:15. Even if Petitioner's counsel had erred in not bringing an insanity defense before the Court, such a failure does not rise to the level of ineffective assistance of counsel under *Strickland.*

Therefore, ground three of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

4.

In ground four of the Motion to Vacate, Petitioner claims that his plea agreement was involuntary and unknowing because the Court erred in failing to notify him of its intent to impose consecutive sentences, and that his counsel was ineffective because his counsel failed to object to the Court's imposition of consecutive sentences at sentencing. (Instrument No. 2 at 15-16). Petitioner also claims that his plea was involuntary because he did not know that his sentences might run consecutively.

This claim is without merit. Petitioner had notice before sentencing that there was the possibility that the Court would impose consecutive sentences. The Pre-Sentencing Report explains the guidelines for imposing consecutive or concurrent sentences, in bold:

> "115. Statutory Provisions: **As to Counts 1 through 4**, the maximum term of imprisonment is not less than 15 years and **not more than 30 years**, pursuant to 18 U.S.C. §2251 (a) and (e). **As to Count 6**, the maximum term of imprisonment is not less than 15 years and **not more than 30 years**, pursuant to 18 U.S.C. §2251(d)(a)(A) and (e).
>
> 116. Guideline Provisions: Based on a total offense level of 43 and a criminal history category of III, **the guideline range for imprisonment is life**, and is found in Zone D of the Sentencing Table, U.S.S.G. Chapter 5, Part A. Pursuant to U.S.S.G. §5G1.2(d), if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, **then the sentence imposed on one more of the other counts shall run consecutively**, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law."

(Instrument No. 12 at 30-31). At the sentencing hearing, both counsel and Petitioner informed the Court that they had reviewed the Pre-Sentence Report as well as three addendums to that report. Therefore, Petitioner had notice of the Court's ability to impose consecutive sentences before his sentencing hearing. Additionally, Petitioner's subjective belief that his sentences would run concurrently does not render his plea involuntary or unknowing. *See Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *overruled on other grounds*, *Glover v. United States*, 531 U.S. 198 (2001) ("a guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence" and if the defendant's expectation "of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands").

Therefore, ground four of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

5.

In ground five of the Motion to Vacate, Petitioner claims that his counsel was ineffective because she failed to offer mitigating psychological expert testimony of Dr. Bailey to the Court and thus her conduct constituted abandonment of his case. (Instrument No. 2 at 17-18). However, on the record at Gladney's sentencing hearing, the Court noted that Gladney had been previously diagnosed with a psychotic disorder and that the Pre-Sentence Report had adopted information from his medical records from the federal detention center regarding that diagnoses. (Instrument No. 12 at 32). The Court also noted on the record that it had received and read the reports of Dr. Poole, Dr. Sloan, and Dr. Bailey that were submitted under seal. (*Id*.). At the hearing, Petitioner's counsel summarized the findings of these reports "to try to give some input to the Court on what happened and how Edward Gladney is here today." (*Id*.). Gladney claims that counsel should have presented additional mitigating psychological expert testimony by Dr. Bailey, but fails to allege what that testimony would have been and how it would have been substantially to lead to a different result in this case. Accordingly, Gladney has not met his burden to show his counsel was prejudicially deficient under *Strickland.*

Therefore, ground five of Petitioner's motion to vacate due to constitutionally ineffective counsel fails. Petitioner's claims in ground five are appropriately addressed against his counsel in a civil breach of contract action for the alleged failure to retain an expert witness with the remitted fees, rather than in a motion for §2255 habeas relief.

6.

In ground six of the Motion to Vacate, Petitioner claims that his counsel was ineffective because she failed to challenge the Court's wrongful imposition of the aggravating "pattern"

enhancement of U.S.S.G. §4B1.5(b)(1). (Instrument No. 2 at 19-20). Gladney disputes the Pre-Sentence Report statement that "[t]he defendant is deemed a Repeat and Dangerous Sex offender Against Minors" and that "the defendant has engaged in a pattern of activity involving prohibited sexual conduct." (Instrument No. 12 at 34). Petitioner cites Application Note 4 of the sentencing guidelines (Application of Subsection B), which instructs that subsection (b) may be applied only if "the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." (Instrument No. 2 at 19); U.S.S.G. §4B1.5(a).

Petitioner's challenge of the Court's application of U.S.S.G. §4B1.5(b)(1) is directly addressed in the Pre-Sentence Report. (Instrument No. 12 at 34). The Court adopted the findings in the Pre-Sentence Report, which recommended §4B1.5(b)(1) to be applied as follows:

> "82. Chapter Four Enhancements: The Defendant is deemed a Repeat and Dangerous Sex Offender Against Minors within the meaning of U.S.S.G. §4B1.5, even though he/she has no prior conviction for a sex offense, since the instant offense of conviction is a covered sex crime, U.S.S.G. §4B1.1 (Career Offender) does not apply and the defendant has engaged in a pattern of activity involving prohibited sexual conduct. Therefore, the offense level is increased by five, pursuant to U.S.S.G. §4B1.5(b)(1)."

(*Id*.). The facts on the record indicate that Gladney had repeatedly engaged in prohibited sexual conduct with four known minor children and "over 20 unidentified victims" over the span of eight years from 2002 to 2010. (Instrument No. 12 at 34-35). The sentencing guidelines define "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether of not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct. 18 U.S.C. §§ 1466A, 2252, 2252A(a)-(b), 2260(b), Application Note 1.

In this case, the facts unequivocally demonstrate a "pattern" of prohibited sexual conduct, regardless of whether Petitioner had a prior conviction for a sex offense. Therefore, the Court's imposition of the 5-level "pattern" enhancement pursuant to U.S.S.G. §4B1.5(b)(1) was not in error.

Given the facts on the record, Gladney's counsel's failure to challenge the Court's imposition of U.S.S.G. §4B1.5(b)(1) "pattern" enhancement fell "within the wide range of reasonable professional assistance," because it would have been reasonable for counsel to conclude that such a challenge to the enhancement would fail. *Cavitt*, 550 F.3d at 440; *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." In light of the facts on the record, the Court finds that Petitioner cannot meet his burden on this claim.

Therefore, ground six of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

7.

In ground seven of the Motion to Vacate, Petitioner claims that the Court improperly applied U.S.S.G. §2G2.1(b)(5) because he is the step-uncle by marriage to one of the victims and should not have been deemed a "relative". (Instrument No. 2 at 20-21). However, such a familial determination is not required under the law. U.S.S.G. §2G2.1(b)(5) plainly states that the 2-level enhancement is to apply to a defendant "if the defendant was a parent, relative, or legal guardian

of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. §2G2.1(b)(5). In this case, the Court applied the enhancement because the minors were found to have been in Petitioner's custody, care or supervisory control. Accordingly, the Court did not improperly apply the enhancement.

Gladney facially challenges the enhancement because the Court allegedly applied it without basis or legal foundation. (Instrument No. 2 at 21). However, Petitioner's motion does not make any additional factual allegations that he was not the legal guardian of the minor children, or that the children were not in Petitioner's custody, care, or supervisory control. *See* U.S.S.G. §2G2.1(b)(5). Therefore, ground seven of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

8.

In ground eight of the Motion to Vacate, Petitioner claims that the Court improperly applied U.S.S.G. §2G2.1 because his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Instrument No. 2 at 21-23). Petitioner cites an unpublished 2009 paper by an assistant federal public defender in the Western District of Missouri to claim that U.S.S.G. §§2G2.1 and 2 violate the Eight Amendment prohibition against cruel and unusual punishment. Troy Stabenow, Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines 38 (January 1, 2009) (unpublished manuscript).[3] Petitioner also cites *United States v. Polizzi*, a case from the Eastern District of

---

[3] The relevant cited portion reads: "[s]ince 1991, the punishment for [child pornography] offenses has been dramatically and irrationally increased, to the point where today rapists, murderers, and molesters receive lesser sentences than would a man who swaps a few, thirty-year old, pictures of child pornography that were produced before the defendant was even born. Recent changes to the sentencing system, and an increased familiarity with the underlying presumptions of § 2G2.2 should persuade and

New York discussing criticisms against the Sentencing Commission and its data and expertise, which has been vacated and remanded in the Second Circuit. *See United States v. Polizzi*, 549 F. Supp. 2d 308 (E.D.N.Y. 2008) *vacated and remanded sub nom. United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009). Petitioner claims that sentencing guidelines against child pornographers are unduly harsh and therefore violate the Eighth Amendment. However, even the paper cited by Petitioner draws the distinction between "repeat offenders" and other defendants. In this case, Petitioner has exhibited a "pattern of prohibited sexual conduct." *See* Section III.B.6. Lastly, neither of the cited sources present any legally binding directive in the present jurisdiction. Petitioner presents no other factual or legal basis for why his sentence constitutes cruel and unusual punishment.

Therefore, ground eight of Petitioner's motion to vacate due to constitutionally ineffective counsel fails.

Accordingly, Petitioner's request for relief is DENIED.


A §2255 motion requires an evidentiary hearing unless the files, motion, and record of the case conclusively show that no real is appropriate. 28 U.S.C. §2255; Rule 8(a); *see United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends on an assessment of the record. If the record is adequate to fairly dispose of the allegations, the Court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). In this case, the record is adequate to fairly dispose of Petitioner's allegations of ineffective assistance of counsel and his facial challenges to the sentencing guidelines. Therefore, Petitioner's request for an evidentiary hearing is DENIED.

---

embolden the courts to conclude that unless a defendant was a repeat offender, or a mass distributor, the Guidelines yield a sentence 'greater than necessary' to achieve §3553(a)'s purposes."

## IV.

For the foregoing reasons, IT IS HEREBY ORDERED THAT Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (**Instrument No. 1**) is **DENIED**. The United States' Amended Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver (**Instrument No. 12**) is **GRANTED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 28RD day of December, 2014, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**